# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. _____

SUNBELT RENTALS, INC.,

    Plaintiff,

v.

SEMINOLE MALL REALTY HOLDING, LLC

    Defendant.

---

## COMPLAINT

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt"), files this Complaint against defendant, Seminole Mall Realty Holding, LLC ("Seminole").

## PARTIES

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant Seminole is a New York limited liability company. On information and belief, the sole member of Seminole is Mehran Kohansieh, a New York citizen.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Sunbelt is a citizen of North Carolina and South Carolina. Seminole is a citizen of New York.

4. This Court has personal jurisdiction over Seminole because it conducts and transacts business in the State of Florida.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the "events or omissions" giving rise to Sunbelt's claim against Seminole occurred in this jurisdiction.

## FACTS

6. Sunbelt rents equipment to its customers for use primarily in construction projects.

7. On information and belief, Seminole manages the Seminole Towne Center.

8. In May 2020, Seminole's Chief Executive Officer, Mike Kohen (on information and belief, Mike Kohen and Mehran Kohansieh are the same person), executed on its behalf a Sunbelt online credit application (the "Online Application").

9. A copy of the Online Application is attached as **Exhibit 1**.

10. Sunbelt rejected the Online Application submitted by Seminole, and requested that Mike Kohen execute on Seminole's behalf a written Application of Credit to Sunbelt (the "Written Application").

11. Sunbelt subsequently approved the Written Application, a copy of which is attached as **Exhibit 2**.

12. Sunbelt's approval of the Application established an open account through which Seminole could rent equipment from Sunbelt on credit.

13. The contractual terms ("Open Account Terms") that apply to the open account are attached as **Exhibit 3**.

14. Beginning in June 2019, Sunbelt rented certain equipment (the "Equipment") to Seminole.

15. Seminole did not fully pay Sunbelt the rental charges for the Equipment.

16. Unpaid invoices (the "Invoices") reflecting the Equipment that Seminole rented from Sunbelt, and the associated rental fees, are attached as **Exhibit 4**.

17. The Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

18. An account summary that references all of the Invoices is attached as **Exhibit 5**.

20. Exhibit 5 reflects that as of February 28, 2021, the total unpaid principal amount of the Invoices is $128,990.64 (the "Principal Amount").

21. The total amount due to Sunbelt, including service charges, is $141,789.50.

22. The Open Account Terms incorporate all the terms of Sunbelt's rental contract (the "Rental Contract") found on Sunbelt's website.

23. A copy of the Rental Contract is attached as **Exhibit 6**.

24. Seminole also agreed to the terms of the Rental Contract when it accepted each piece of the Equipment.

## Claim 1 – Breach of Contract

25. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 24 of this complaint.

26. The Written Application, Open Account Terms, the Rental Contract, and the Invoices constitute the contract between Sunbelt and Seminole.

27. Seminole breached the contract by not fully paying Sunbelt for its rental of the Equipment.

28. Sunbelt suffered damages because of Seminole's breach of contract.

### Claim 2 – Unjust Enrichment

29. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 28 of this complaint.

30. Sunbelt rented the Equipment to Seminole.

31. Sunbelt only furnished the Equipment to Seminole after Seminole executed the Written Application and accepted each piece of the Equipment.

32. Seminole did not pay to Sunbelt any of the rental charges for the Equipment and it would be unjust for Seminole to retain the benefit of such Equipment without paying for the same.

33. Accordingly, Seminole is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

### Claim 3 – Attorneys' Fees

34. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 33 of this complaint.

35. Because of the plain breaches by Seminole, it became necessary for Sunbelt to retain attorneys to litigate its claims.

36. In accordance with the Open Account Terms, Sunbelt is entitled to recover its reasonable attorneys' fees.

### Demand for Relief

ACCORDINGLY, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor and against Seminole granting the following relief:

i. the unpaid Principal Amount of the Invoices and the service charges that have been accrued to date;

ii. service charges that will continue to accrue until the unpaid Principal Amount of the Invoices is fully collected;

iii. attorneys' fees and other costs Sunbelt has incurred and will incur to collect the amounts that Seminole owes to Sunbelt;

iv. prejudgment interest;

- 5 -

    v.  postjudgment interest; and

    vi.  any other relief that the Court deems appropriate.

Date:    May 18, 2021    Respectfully submitted,

*/s/ M. Elizabeth Roper*
M. Elizabeth Roper (MSB #0100795)
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, Mississippi 39158-6010
P: (601) 948-5711; F: (601) 985-4500
beth.roper@butlersnow.com

**Counsel for Sunbelt Rentals, Inc.**

59075659.v1