## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**SUNBELT RENTALS, INC.,**

**Plaintiff,**

**v.**                                          **Case No: 6:21-cv-864-GAP-EJK**

**SEMINOLE MALL REALTY**
**HOLDINGS, LLC,**

**Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Default Judgment (the "Motion"), filed January 26, 2022. (Docs. 20, 21.) Upon consideration, I respectfully recommend that the Motion be granted in part.

### I.     BACKGROUND

On May 18, 2021, Plaintiff initiated this action against Defendant Seminole Mall Realty Holdings, LLC, alleging breach of contract and unjust enrichment. (Doc. 1.) Plaintiff is a company that rents equipment to customers for use primarily in construction projects. (*Id.* ¶ 6.) Defendant manages the Seminole Towne Center. (*Id.* ¶ 7.) Plaintiff alleges that in May 2020, Defendant's Chief Executive Officer, Mike Kohen ("Kohen"), executed an online credit application to open a credit account (the "Account"). [1] (*Id.* ¶ 8.) Plaintiff rejected the online application and requested

---

[1] Plaintiff states that "on information and belief, Mike Kohen and Mehran Kohansieh are the same person." (Doc. 1 ¶ 8.)

Defendant submit a written application of credit, which Defendant subsequently submitted. (*Id.* ¶¶ 10–11.) Plaintiff then approved the written application, which allowed Defendant to rent certain equipment from Plaintiff on credit. (*Id.* ¶ 12.) The Account contained contractual terms that provide for a service charge of 1.5% per month on any delinquent balance and incorporated the terms and conditions of Plaintiff's rental contract ("Rental Contract"). (Doc. 1 ¶¶ 17, 22.) Plaintiff alleges that, beginning in June 2019, Defendant rented certain equipment but failed to fully pay the rental charges. (*Id.* ¶¶ 14–15.) The total amount Defendant allegedly owed to Plaintiff as of February 2021 was $141,789.50, including service charges. (*Id.* ¶ 21.) Plaintiff now moves for default judgment against Defendant. (*See* Docs. 20, 21.)

## II.    STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

## III.   DISCUSSION

### A. Adequacy of Service of Process and Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant. Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Plaintiff filed the affidavit of service on June 23, 2021. (Doc. 11.) The affidavit of service shows that service was executed by serving an employee of the registered agent at the registered agent address at 5011 S State Road 7 Suite 106, Davie, Florida, 33314 on June 11, 2021, in accordance with Rule 4(h)(1) and Florida Statutes § 48.062(1). (*Id.*)

In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court [] must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *DeJoria v. Maghreb Petroleum Expl., S.A.*, 804 F.3d 373, 387 (5th Cir. 2015) (citation omitted).

"'A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The exercise of jurisdiction must: "(1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *HostLogic Zrt. v. GH Int'l, Inc.*, No. 6:13-cv-982-Orl-36KRS, 2014 WL 2968279, at *5 (M.D. Fla. June 30, 2014) (citing *Diamond Crystal Brands*, 593 F.3d at 1257–58).

In the Complaint, Plaintiff states that Defendant is a limited liability company formed under the laws of the State of New York. (Doc. 1 ¶ 2.) Plaintiff alleges this

Court "has personal jurisdiction over Seminole because it conducts and transacts business in the State of Florida." (*Id.* ¶ 4.) In the instant Motion, Plaintiff provides additional detail, asserting that:

> Seminole rented equipment from Sunbelt in connection with its construction of and/or repair to a mall, Seminole Town Center, in the State of Florida. On information and belief, Seminole Realty continues to manage Seminole Town Center. The job address listed on the invoices that Sunbelt issued to Seminole is 200 Towne Center Circle, Sanford, Florida.
>
> . . .
>
> Specifically, Seminole entered the state of Florida, rented equipment from one of Sunbelt's Florida locations, used such equipment to improve property it owns or leases in Florida, and then failed to pay Sunbelt the rental charges.

(Doc. 21 at 4.) Plaintiff alleges that these facts "demonstrate that [Defendant] had more than the required minimum contacts required under the 14th Amendment" and that given Defendant's "extensive operations in the state, [Defendant] could foresee that it could be sued in Florida." (*Id.*) The undersigned agrees.

Although not cited in the instant Motion or the Complaint, Plaintiff appears to be proceeding under Florida Statute § 48.193(1)(a)(1), as it alleges personal jurisdiction is proper because Defendant "conducts and transacts business in the State of Florida." (Doc. 1 ¶ 4.) Section 48.193(1)(a)(1) provides that any person or entity is subject to personal jurisdiction in Florida by virtue of "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." *See also Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623,

627 (11th Cir. 1996). To establish that a defendant was carrying on a business or business venture in the state, either itself or through an agent, "[t]he activities of the [defendant] sought to be served . . . must be considered collectively and show a general course of business activity in the State for pecuniary benefit." *Id.* (quoting *Dinsmore v. Martin Blumenthal Assocs., Inc.*, 314 So.2d 561, 564 (Fla. 1975)). Here, Plaintiff has demonstrated that Defendant rented equipment from Plaintiff for use at the Seminole Town Center, in Florida, which Plaintiff alleges Defendant continues to manage. (Doc. 21 at 4.) The undersigned finds this is sufficient to satisfy Florida's long-arm statute. However, the Court still must determine whether Plaintiff has established that Defendant has sufficient contacts with Florida such that exercising jurisdiction would not offend due process.

In a specific personal jurisdiction case, a court must examine whether the plaintiff's claim arises out of or relates to the nonresident defendant's contacts with the forum state, whether the nonresident defendant purposely availed itself of the privilege of conducting activities in the forum state, and whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013). "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (internal citations and quotation marks omitted).

Here, the undersigned finds Plaintiff's claim arises directly out of Defendant's contacts with Florida. Plaintiff rented equipment to Defendant for Defendant's use at the Seminole Town Center in Florida. (*See* Doc. 21 at 4.) This establishes a "direct causal relationship between the defendant, the forum, and the litigation." *Louis Vuitton Malletier*, 736 F.3d at 1355–56. Additionally, the undersigned finds Plaintiff has shown Defendant has sufficient minimum contacts with the forum such that it has purposely availed itself of the privilege of conducting activities within the forum. As discussed above, Plaintiff's claim relates to Defendant's contact with Florida—its management of the Seminole Town Center. Further, Defendant purposely availed itself of the privilege of doing business in Florida by entering into an equipment rental contract for the purpose of improving or repairing its property in Florida. (Docs. 1; 21 at 3–4); *see Kasparov v. Schnorenberg*, No. 3:15-cv-1093-J-32PDB, 2016 WL 8846261, at *6 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 3:15-cv-1093-J-32PDB, 2016 WL 9049968 (M.D. Fla. Sept. 6, 2016) ("Conducting business in Florida establishes minimum contacts in Florida if the business is connected to the cause of action."). Moreover, by failing to make payments on the equipment it rented for use in Florida, Defendant should have reasonably anticipated that it would be sued in Florida. Based on the foregoing, Plaintiff has demonstrated Defendant has sufficient minimum contacts with the forum such that it has purposefully availed itself of the privilege of conducting business in Florida.

Ordinarily, the burden would shift to Defendant to present a "compelling case" that exercising jurisdiction over it would violate traditional notions of fair play and

substantial justice. *Louis Vuitton Malletier*, 736 F.3d at 1355. However, because Defendant has defaulted, it has not made any such arguments. Nevertheless, the undersigned considers the following: 1) the burden on the defendant of litigating in the forum state; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 466 (1985)).

As stated in the Complaint, Defendant is a New York limited liability company, and thus, Defendant would likely experience some burden litigating the instant action in Florida. However, the degree of such burden is unknown as Defendant has failed to appear or present any evidence on this point. The undersigned also notes that Defendant conducts business in Florida through the Seminole Town Center and entered into a contract where equipment was to be rented in Florida; thus, the state of Florida has an interest in this proceeding. Plaintiff also has an interest in obtaining relief, especially where Defendant has failed to respond to the complaint or appear. Finally, the undersigned finds no evidence to suggest that proceeding in Florida would be less efficient than proceeding in Defendant's home forum of New York, and this Court has an interest in resolving disputes involving business conducted in Florida. In sum, I find that exercising jurisdiction over Defendant would not violate traditional notions of fair play and substantial justice.

### B. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, Plaintiff contends that venue is appropriate in the Middle District of Florida, Orlando Division, because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this jurisdiction. (Docs. 1 ¶ 5; 21 at 2.) Specifically, Plaintiff alleges Defendant manages the Seminole Towne Center, which is located within this jurisdiction. (Doc. 1 ¶ 7.) Plaintiff also attaches as an exhibit to the Complaint several invoices demonstrating that Defendant's job address is 200 Towne Center Circle, Sanford, FL 32771. (Doc. 1-4.) Thus, the undersigned concludes that the events giving rise to this action occurred in one of the counties served by the Orlando Division. *See, e.g.*, *Daytona Sys., LLC v. Indag Gesellschaft Fur Industriebedarf MBH & Co. Betriebs KG*, No. 6:09-cv-1222-Orl-35KRS, 2010 WL 11626710, at *2 (M.D. Fla. Dec. 14, 2010) (finding that venue is appropriate in the Middle District based on plaintiff's complaint and the attached exhibit). As such, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. (*See* Doc. 1 ¶ 3.)

### D. Breach of Contract

Plaintiff moves for default judgment against Defendant for breach of contract (Count I). (Doc. 20.) The elements for a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). Plaintiff has pleaded the existence of a valid contract— the written application and Account entered into by Defendant through its Chief Executive Officer, Kohen. (Docs. 1 ¶¶ 10–11; 1-2.)

Plaintiff has also pleaded a material breach that resulted in damages. The terms and agreement portion of the written application state:

> In making this Agreement upon which Sunbelt will rely to extend commercial credit, I/We agree to Sunbelt's terms of payment as follows: NET 30 UPON RECEIPT on all accounts and service charges of 1.5% per month on all invoices/contracts not paid when due or the maximum rate permitted by law, whichever is less. Any disputed invoices must be brought to the attention of the Sunbelt within fifteen (15) days of the receipt or the invoices/contracts are deemed correct and undisputed. At Sunbelt's discretion, any account with a delinquent balance may be placed on a cash basis, deposits may be required and the rental equipment picked up without notice. If collection of amounts due requires the assistance of a collection agency or attorneys, suit is brought hereon, or it is enforced through any judicial proceeding whatsoever, I/We agree (a) that Sunbelt reserves the right to bring legal action in whatever jurisdiction Sunbelt deems necessary, whose laws, at the

> option of Sunbelt, shall govern this Agreement, and (b) to
> pay all costs and expenses of collection, including but not
> limited to, reasonable attorney's fees, not exceeding a sum
> equal to fifteen percent (15%) of the outstanding balance
> owing, plus all other reasonable expenses incurred by
> Sunbelt in exercising any of Sunbelt's rights and remedies.

(Doc. 1-2.)

Defendant used the Account to rent equipment from Plaintiff but failed to pay for the equipment. Plaintiff has attached invoices from the Account showing the equipment Defendant rented and the charges. (Doc. 1-4.) Defendant's failure to pay is a breach of the contract. Therefore, in light of the foregoing allegations, I respectfully recommend the Court find that Plaintiff has set forth a *prima facie* claim for breach of contract against Defendant.

### E. Unjust Enrichment

Plaintiff also moves for default judgment against Defendant for unjust enrichment (Count II). (Doc. 20.) However, if "an express contract exists, then a claim for unjust enrichment fails." *Transamerica Life Ins. Co. v. White as Tr. of Lawrence E. White Tr.*, No. 6:20-cv-2258-Orl-ACC-GJK, 2021 WL 2143583, at *3 n.3 (M.D. Fla. May 4, 2021), *report and recommendation adopted sub nom. Transamerica Life Ins. Co. v. White*, No. 6:20-cv-2258-Orl-ACC-GJK, 2021 WL 2139054 (M.D. Fla. May 26, 2021); *see also Pump It Up Holdings, LLC v. Robert Anderson, Rja, LLC*, No. 6:19-cv-1252-Orl-31DCI, 2021 WL 720444, at *7 (M.D. Fla. Jan. 7, 2021) (denying summary judgment on unjust enrichment claim where an express contract governed the same subject matter). Here, there is no dispute that an express contract exists. And, as the

undersigned recommends Plaintiff receive all the damages it seeks in connection with the aforementioned breach of contract claim, no entitlement to additional damages under equitable theories is warranted. Therefore, I recommend the Motion be denied as to this issue.

### F. Damages

In support of its claim for damages, Plaintiff submitted the Account invoices showing the charges for equipment Defendant rented. (Doc. 1-4.) The invoices total $128,990.64 from June 18, 2020, through November 27, 2020, for the unpaid principal amount. (Docs. 1 ¶ 20; 1-5.) Plaintiff also requests that the Court award it the 1.5% service charge pursuant to the Account terms. (Doc. 21 at 6.) To support this request, Plaintiff attached an affidavit attesting that the total amount due to Plaintiff as of February 28, 2021, was $141,789.50.[2] (Doc. 20-1 ¶ 14.) The affidavit also attests that, as of December 31, 2021, the amount of accrued service charges equals $32,147.46. (Doc. 20-1 ¶ 17.) Based on the evidence presented, I respectfully recommend the Court award Plaintiff damages made up of the unpaid principal amount, $128,990.64, and the accrued service charges, $32,147.46.

### G. Attorney's Fees and Costs

The Motion requests the award of attorney's fees and costs. (Doc. 20; *see* Doc. 1, Count III.) However, a claim for attorney's fees is not a standalone cause of action.

---

[2] This amount includes the service charges and late charges. Thus, the total unpaid principal as of February 28, 2021, was $128,990.64 and the total service charges and late charges equaled $12,798.86.

*See Benhassine v. Star Taxi, Inc.*, No. 6:12-cv-1508-Orl-37GJK, 2014 WL 12628588, at *2 (M.D. Fla. Mar. 10, 2014). Thus, the undersigned recommends the Court deny default judgment on this Count but grant leave for Plaintiff to file a motion for attorney's fees.

### H. Prejudgment Interest

In its Motion, Plaintiff requests that the Court award prejudgment interest, accruing from the date of the most recent invoice on March 18, 2021. (Docs. 20 at 3; 21 at 6–7.) In this diversity jurisdiction case, Plaintiff is entitled to prejudgment interest at the rate provided by Florida law. Fla. Stat. § 687.01. *See Air Products & Chems., Inc. v. La. Land & Exploration Co.*, 867 F.2d 1376, 1380 (11th Cir. 1989) ("Under Florida law, when a verdict liquidates damages or a plaintiff's out-of-pocket pecuniary losses, that plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.") (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). "In a contract action, it is proper to award interest from the date the debt was due." *Butler Plaza, Inc. v. Allen Trovillion, Inc.*, 389 So.2d 682, 683 (Fla. Dist. Ct. App. 1980). "Interest should only run from the dates of demand." *Id.* Prejudgment interest in Florida as of the date of loss established by Plaintiff, March 18, 2021, was 4.81% per annum.[3] Therefore, I recommend that the Court award Plaintiff prejudgment interest, calculated from March 18, 2021, until the date of

---

[3] Florida Department of Financial Services, Statutory Interest Rates, available at https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm (last accessed March 24, 2022).

judgment, at a rate of 4.81% per annum.

### I.  Post-Judgment Interest

Plaintiff also requests the award of post-judgment interest on its damages. (Doc. 15 at 6.) By federal statute, "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." *Id.* § 1961(b). Interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the judgment." 28 U.S.C. § 1961(a). Under this statute, post-judgment interest is mandatory. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1053 (11th Cir. 1994). Therefore, I recommend the Court award Plaintiff post-judgment interest, which will accrue at the statutory rate as set forth in 28 U.S.C. § 1961.

### IV.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT IN PART** Plaintiff's Motion (Doc. 20).

2. **ENTER** a final default judgment on Count I of the Complaint against Defendant, in the total amount of **$161,138.10.**

3. **AWARD** Plaintiff prejudgment interest, calculated from March 18, 2021, until the date of judgment, at a rate of 4.81% per annum.

4. **AWARD** Plaintiff post judgment interest, which will accrue at the

statutory rate as set forth in 28 U.S.C. § 1961.

5. **GRANT LEAVE** for Plaintiff to file a motion for attorney's fees within fourteen days of an order adopting this report and recommendation.

6. **DENY** the Motion as to all else.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on April 1, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE